■ STANLEY SMOLEY et al., Appellants, v. MERRICK ESTATES CIVIC ASSOCIATION, INC., Respondent.— In this action for an injunction to restrain the construction of a swimming pool upon the defendant's property, plaintiffs have appealed from a judgment in defendant's favor, entered upon the court's decision after a nonjury trial. Incident to the prosecution of the appeal, plaintiffs' counsel has filed his certificate to the effect that the transcript of the stenographer's trial minutes is not necessary. Plaintiffs have proceeded to perfect the appeal without such transcript, and the appeal is on the calendar. The defendant (respondent) now moves: (a) to expunge such certificate; (b) to strike the appeal from the calendar; (c) to direct plaintiffs (appellants) to file a transcript of the stenographer's trial minutes; and (d) for other relief. The motion is denied in all respects. On the court's own motion, however, the certificate will be treated as a nullity and the appeal is directed to be placed on the calendar for the April Term, beginning March 30, 1964, without prejudice to appellants' right to perfect the appeal and to bring it on for argument at an earlier date. In filing his certificate, appellants' counsel has relied on subdivision (b) of rule 5525 of the Civil Practice Law and Rules. This subdivision, inter alia, dispenses with the necessity of a transcript where the appeal is from a judgment entered upon the court's decision after a nonjury trial and where the appellant "relies only upon exceptions to rulings on questions of law made after the case is finally submitted." The quoted provision is taken from the former Civil Practice Act (§ 575); its purpose was to permit the appeal to be prosecuted upon what was formerly known as a "bill of exceptions," where only questions of law are intended to be presented and where there are no questions of fact. While the appeal here is from a judgment entered upon the court's decision after a nonjury trial, the appellants do not rely upon "exceptions to rulings on questions of law made after the case" was finally submitted. To the contrary, appellants are challenging the conclusions of law which were reached by the Trial Judge upon the basis of all the proof adduced at the trial and upon the basis of the factual findings made by him, as set forth in his written decision. Despite the contrary assertions by counsel for appellants, such findings do not appear to have been made on the basis of conceded or undisputed facts. It is clear, therefore, that the issues of law presented cannot be decided without first

determining the propriety of the findings of fact or without making different or new findings. Obviously, there can be neither a review of the existing findings nor any new findings without the complete transcript. Moreover, it is to appellants' advantage to prosecute the appeal on the complete transcript. In its absence, this court would be precluded from rendering a final judgment in their favor — assuming that they were entitled to such judgment (*King* v. *King,* 13 A D 2d 437, 441); and it may well be that this court would be constrained to dismiss the appeal or to affirm the judgment. Under the circumstances, the transcript should be prepared, settled and filed as prescribed by the Civil Practice Law and Rules (5525) and the rules of this court (Part I, rule IV, subd. 1, par. [A]). Such transcript may be added as a supplement to the present typewritten record on file. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.