■ ROBINSON & CARPENTER INC., Respondent, v. LEO J. GANGL et al., Appellants.— STALEY, JR., J. Appeal from an order of the Supreme Court at Special Term, entered December 5, 1966, in Tompkins County, which denied defendants' motion to settle the record on appeal without the transcript of the trial minutes as a part thereof. On January 31, 1962 plaintiff commenced an action against the defendants to foreclose two mechanics' liens. On August 6, 1963, following a waiver by the defendants of their right to a jury trial, and to an examination before trial, the trial of the action was commenced, which trial lasted for five days. The defendants contend that the rights so waived were based on the court's promise to hear the case promptly without a jury, and to render an immediate decision. The Trial Judge made findings of facts and conclusions of law on July 15, 1965 and, on that day, granted judgment of foreclosure and sale to the plaintiff. The delay was caused, in part, presumably by the failure of the parties to promptly submit findings of fact, and the submission of the transcript of the testimony to the trial court, which apparently was not received prior to the court's decision. The defendants have appealed from the resettled judgments of foreclosure and sale entered November 3, 1965. On November 17, 1966 the defendants moved for an order permitting them to omit the transcript of the testimony from the record on appeal. (CPLR 5525, subd. [b].) The motion was denied upon the ground that the reviewing court could not determine whether the defendants were aggrieved without a transcript of the trial. The defendants contend that the transcript is not necessary since their appeal was limited to three points of law which did not concern the transcript of the trial minutes. The notices of appeal, however, are not so limited. These notices specify that the appeals are taken from the judgments of foreclosure and sale entered November 3, 1965, and from " each and every part of said judgments, and from all the procedures had herein, and all the rulings and decisions made herein against the defendants both in chambers, in open court, or ex parte from the time of the commencement of the action herein." The defendants urge that they intend only to pursue three points on appeal: (1) That the mechanics' liens are invalid because of inadequacy of description pursuant to subdivision 7 of section 9 of the Lien Law; (2) That the Trial Judge's promise of immediate decision to induce waiver of right to pretrail examination, and jury trial was not kept; and (3) The matter of advertising sale of the properties by publication in newspapers. CPLR 4213 provides, in part, as follows: " (a) Before the case is finally submitted, the court shall afford the parties an opportunity to submit requests for findings of fact. * * * (c) * * * The decision of the court shall be rendered within sixty days after the cause or matter is finally submitted ". The proposed record contains request for findings of fact submitted by the plaintiff, but does not contain any such request on the part of the defendants. The transcript is then essential to a determination of whether the defendants waived their right to submit requests for findings of fact, or whether they retained their right, and thus contributed to the delay in rendering the decision. Since any promise by the court to render an immediate decision must, under CPLR 4213, be construed as a promise to render an immediate decision upon final submission of the case, a transcript is essential to a review of the question of when the case was finally submitted. The defendants are entitled to a new trial, only if the court did, in fact, breach a promise, and such breach somehow injured or prejudiced the defendants. The injury of prejudice, if any there be, can

only be determined by a reviewing court upon consideration of the entire trial proceedings, which can only come before the court by a transcript thereof. Since this appeal will necessarily involve questions of fact, an appeal without a transcript is not appropriate. (*Smoley* v. *Merrick Estates Civic Assn.*, 20 A D 2d 654.) Special Term properly denied the defendants' motion to settle the record without a transcript. Order affirmed, with costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.