■ In the Matter of GAIL CONKLIN, Also Known as GAIL ROGERS, Appellant, v BRIAN G. ROGERS, Respondent. — Appeals (1) from an order of the Family Court of Sullivan County (Hanofee, J.), entered August 31, 1982, which awarded custody of the parties' children to respondent, and (2) from an order of said court, entered April 12, 1983, which denied petitioner's motion to settle a transcript of the custody proceeding. The transcript of this custody proceeding was prepared by a private stenographer hired by petitioner. A copy of a transcript of the proceeding was served upon respondent's attorney. Respondent objected to the transcript on the ground that it was not prepared by the official Family Court reporter. Petitioner moved for settlement of the transcript pursuant to CPLR 5525 (subd [c]). By order entered April 12, 1983, Family Court denied petitioner's motion to settle the transcript. Petitioner appeals from this order, in addition to appealing from the underlying order entered August 31, 1982 which awarded custody of the parties' children to respondent. Family Court properly denied petitioner's motion to settle the privately prepared transcript. The order denying petitioner's motion for settlement of the transcript should be affirmed and the appeal from the order awarding custody to respondent dismissed, unless petitioner, within 90 days of the entry of this court's order, prepares and causes to be settled and filed a transcript of the proceedings (see *Harbor Assoc. v Asheroff,* 33 AD2d 778). The record on appeal in the case at bar involving factual issues must include the transcript, either stipulated as correct by the parties or settled by the court pursuant to CPLR 5525 (subd [c]) (see CPLR 5526; 22 NYCRR 800.6, 800.7; see, also, *Robinson & Carpenter v Gangl,* 31 AD2d 665; *Smoley v Merrick Estates Civic Assn.,* 20 AD2d 654). An appellant has a clear legal right to settlement of the record (see *Wahrhaftig v Space Design Group,* 28 AD2d 940). The record reveals that Family Court's official stenographer, Helen Kroeger, was present and recorded the proceedings. She marked exhibits and, when necessary during the course of the hearing, read back testimony. The affidavit of respondent's attorney recites that a discussion was held as to the presence of the private stenographer and that petitioner's attorney had indicated that he desired an expedited copy of the transcript but had agreed that Kroeger would prepare the official transcript. A court's official stenographer is an officer of the court (Judiciary Law, § 290) and, while acting in this role, is bound by the strictures of article 9 of the Judiciary Law, which helps to insure the accuracy of the transcript. We do not reach the substantive issues raised on this appeal. Order entered April 12, 1983 affirmed, with costs. Appeal from order entered August 31, 1982 dismissed, with costs, unless petitioner shall, within 90 days of entry of this court's order, prepare and cause to be settled and filed a transcript of the proceeding. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.