■ PERSONNEL SYSTEMS INTERNATIONAL, INC., Respondent, v CLIFFORD R. GRAY, INC., Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Mercure, J.), entered January 19, 1988 in Schenectady County, which denied defendant's motion to vacate a default judgment entered against it.

Plaintiff, an employment agency, brought the underlying action against defendant for fees allegedly owed in consideration of certain services performed by plaintiff. Defendant never responded in this action and a default judgment was duly entered against it. Defendant then sought by order to show cause to either open said default judgment or vacate it based on want of jurisdiction. Affidavits submitted by the parties show that a process server named John Meader allegedly personally served a summons with notice on defendant's president, Clifford R. Gray, at his home on July 17, 1985. According to Meader, he finally found Gray to be home that night after several unsuccessful attempts to serve Gray at his home and place of business. When Gray answered the doorbell there was a screen door between him and Meader. Gray identified himself and Meader said "I have some legal papers for you". Gray indicated that he did not want the papers and Meader averred that he then, before leaving, rolled up the papers and placed them in the handle of the screen door, telling Gray that he was doing so. In his affidavit, Gray conceded that he refused to accept "legal papers" presented to him by a process server at his home, but he claimed that this individual never told Gray he would be leaving them and Gray never received them. Gray explained that he refused to accept the tendered legal papers because he thought they were related to his then-pending divorce action, which was apparently extremely hostile. Following a hearing on these

matters, Supreme Court denied defendant's application to vacate the default judgment. This appeal by defendant ensued.

We affirm. Before the merits are discussed, however, we must address plaintiff's contention that this appeal should be dismissed due to defendant's failure to submit to this court a stenographic record of the hearing before Supreme Court (CPLR 5525 [a]; 5526) or else a statement in lieu of such transcript (CPLR 5525 [d]). Generally, when an appellant fails to submit a transcript of a trial or hearing at which issues of fact were addressed, dismissal of the appeal is required since judicial review is not then possible (see, Matter of Conklin v Rogers, 98 AD2d 918; Matter of Hutchinson v McNab, 96 AD2d 919). Here, however, we find that the various affidavits and other papers submitted to Supreme Court clearly amplify the slight factual dispute over personal service and provide a sufficient basis to review that court's determination.* We note only that if there were facts produced at the hearing that would have required us to reach a different result, then the hardship must be borne by defendant for failing to comply with the clear requirements of CPLR 5525 and 5526.

Turning to the merits, defendant first argues that the default judgment should be vacated upon the ground that Supreme Court lacked jurisdiction to render said judgment (CPLR 5015 [a] [4]), in that service of process was allegedly improper. Clearly, Gray, as defendant's president, was a proper subject of service (see, CPLR 311 [1]). The question thus distills to whether Meader, the process server, properly "delivered" the summons upon Gray within the meaning of CPLR 311 (1).

When a person to be personally served under CPLR 308 (1) and 311 resists such service, a process server can properly make delivery by leaving the summons within the vicinity of the person to be served, provided the latter is made aware of the former's intent to so leave the papers (see, Bossuk v Steinberg, 58 NY2d 916, 918; McDonald v Ames Supply Co., 22 NY2d 111, 114-115; Spector v Le Blanc, 119 AD2d 565, 566; see also, Heritage House Frame & Moulding Co. v Boyce Highlands Furniture Co., 88 FRD 172, 174). Here, the undisputed facts are that Gray knew that a process server had legal papers to deliver to him and yet he plainly refused to accept them or open the door. While the parties disagree as to

---

* Defendant asserted at oral argument in this case that no disputed factual issues inconsistent with the affidavits submitted by the parties were presented at the hearing before Supreme Court.

whether Gray was made aware of Meader's intent to leave the summons inside the handle of the screen door, Supreme Court obviously credited Meader's version of the events and we see no reason to disturb that court's assessment on appeal (see, *Lischynsky v Lischynsky,* 120 AD2d 824, 827-828). Accordingly, proper vicinity delivery was accomplished and the court's jurisdiction to consider the case was present.

With respect to defendant's second argument, we find that Supreme Court did not abuse its discretion in denying defendant's motion to open the default judgment. Defendant's only apparent excuse for its default, i.e., Gray's attempt to avoid service of process in an unrelated legal matter, can hardly be considered a valid excuse (see, CPLR 5015 [a] [1]). Moreover, even if defendant's slender excuse for its delay had some validity, Supreme Court would be justified in expecting an exceptional showing of merit on the underlying action (see, *Sortino v Fisher,* 20 AD2d 25, 32), an expectation defendant did not fulfill based on the record before us.

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.