OPINION OF THE COURT
Richard D. Huttner, J.
This is an action for false arrest and malicious prosecution in which the gravamen of the complaint is that the police deliberately withheld from the Assistant District Attorney material tending to exculpate the plaintiff. During trial, plaintiff moved, in limine, to admit in evidence the official court transcript containing the Assistant District Attorney’s disclo *202 sure of certain exculpatory material as well as his remarks concerning the soundness of the People’s case, which remarks were made in open court approximately 13 months after the commencement of the criminal proceeding.
Defendant objects to the introduction in evidence of the transcript on grounds that the Assistant District Attorney’s unsworn statements are hearsay. (Cf., CPLR 4517.) This court overruled the objection and admitted the transcript as a business record pursuant to CPLR 4518, for the following reasons:
Any record which is designed to retain information pertaining to any business, profession or occupation is covered by the business records exception to the hearsay rule as enunciated in CPLR 4518, provided the court finds that it was made in the regular course of business and it was the regular course of such business to make it at the time of the act, transaction or occurrence, or within a reasonable time thereafter.
The law is well settled that to qualify as a business record admissible pursuant to CPLR 4518, both the recorder and the declarant must be under a business duty to report the information recorded. (Johnson v Lutz, 253 NY 124, 128.)
A court stenographer is an officer of the court, and is under a statutory duty to take full stenographic notes of the proceedings of the court. (Judiciary Law §§290, 295.) Indeed, it has been held that since a court stenographer is bound by the strictures of article 9 of the Judiciary Law, the accuracy of the transcript of the stenographic notes is ensured. (Matter of Conklin v Rogers, 98 AD2d 918.) Moreover, since the original stenographic notes taken by a stenographer are part of the proceedings in the cause of action before the court, pursuant to Judiciary Law § 292, the transcript of the stenographic notes should, accordingly, be given judicial credence as a literal court record. (People v Hull, 13 Misc 2d 969, 970.)
Attorneys are also officers of the court (22 NYCRR 700.4 [a]; People ex rel. Karlin v Culkin, 248 NY 465, 470-471; Matter of Mitchell, 40 NY2d 153, 156) and, like court stenographers, are subject to the statutory restrictions contained in the Judiciary Law. (See, Judiciary Law art 15.) Moreover, they are subject to the Code of Professional Responsibility, and may be removed for, inter alia, deceit or any conduct prejudicial to the administration of justice. (People ex rel. Karlin v Culkin, supra, at 471; Judiciary Law § 90 [2].) It follows, then, that an attorney is both ethically and legally bound to speak truthfully in court.
*203 A District Attorney is an officer of the court to the same extent that all attorneys are officers of the court. (People v Rodriguez, 13 Misc 2d 1004, 1007.) However, a District Attorney is further .subject to the dictates of the Constitution which imposes on all prosecutors the duty to disclose, in advance of trial, evidence which is favorable to an accused (Brady v Maryland, 373 US 83, 87). In People v Simmons (36 NY2d 126, 131), the Court of Appeals held that the prosecutor’s duty to disclose exculpatory material in his control arises out of considerations of elemental fairness to an accused and is a matter of professional responsibility. (See, People v Savvides, 1 NY2d 554, 556-557; Brady v Maryland, supra.)
The sine qua non for admitting any out-of-court statement for its truth is trustworthiness, and the basis for admitting a business record is the probability of trustworthiness arising from the fact that such records are a reflection of the day-today functioning of the business, calling or profession. (See, Richardson, Evidence § 303, at 280 [Prince 10th ed].)
This court finds that the transcript of the District Attorney’s unsworn statements made in open court is a business record and is, therefore, admissible for its truth pursuant to CPLR 4518.