Egan Jr., J.
Appeal from an order and judgment of the Supreme Court (Clark, J.), entered September 27, 2013 in Schenectady County, upon a decision of the court, which, among other things, dismissed the action against defendant Lewis A. Polsinelli Jr.
Defendant L & A Automotive Center, Inc. is a domestic corporation that was dissolved by the Secretary of State in September 1997. In May 2007, plaintiff allegedly began delivering various types of fuel and providing certain equipment and services to L & A. When L & A purportedly failed to pay for such goods and services, plaintiff commenced this action against defendant Lewis A. Polsinelli Jr. — apparently the sole officer of L & A — setting forth causes of action for breach of contract and an account stated. By stipulation, L & A thereafter was added as a party defendant.
A nonjury trial ensued, at the conclusion of which Supreme Court found in favor of plaintiff. In so doing, however, Supreme Court rejected plaintiffs claim that Polsinelli bore any personal liability for the debt incurred. Accordingly, by judgment dated September 11, 2013, plaintiff was awarded judgment against L & A in the sum of $58,989.14, and the action against Polsinelli was dismissed. L & A filed a notice of appeal with respect to this judgment, which it did not perfect, and, shortly thereafter, *1050 filed for Chapter 11 bankruptcy. A separate order and judgment — dated September 11, 2013 and entered on September 27, 2013 — dismissed the action against Polsinelli, and plaintiff now appeals from this order and judgment.
According to plaintiff, Supreme Court erred in finding that Polsinelli was not personally liable for the debt incurred by L & A. Contending that its argument in this regard constitutes an exception to a ruling on a question of law made after the matter was finally submitted (see CPLR 5525 [b]), plaintiff has elected not to provide this Court with a copy of the trial transcript. The flaw in plaintiffs argument on this point is that plaintiff is not actually challenging a ruling on a question of law; rather, plaintiff is challenging the conclusions of law reached by Supreme Court based upon the proof adduced at trial and the court’s factual findings with respect thereto (see Smoley v Merrick Estates Civic Assn., 20 AD2d 654, 654-655 [1964]) — the propriety of which simply cannot be reviewed without a complete trial transcript (see Harbor Assoc. v Asheroff, 33 AD2d 778, 779 [1969]; Smoley v Merrick Estates Civic Assn., 20 AD2d at 654-655). Accordingly, the instant appeal is dismissed unless — within 60 days of this Court’s decision — plaintiff prepares, settles and files with this Court a transcript of the trial record consistent with the provisions of CPLR 5525 and the rules of this Court.
Peters, RJ., Rose and Lynch, JJ., concur.
Ordered that the appeal is dismissed, without costs, unless — within 60 days of this Court’s decision — plaintiff prepares, settles and files with this Court a transcript of the trial record.