Medtech Med. Supply, Inc. v Country-Wide Ins. Co. (2022 NY Slip Op
50304(U))

[*1]

Medtech Med. Supply, Inc. v Country-Wide Ins. Co.

2022 NY Slip Op 50304(U) [74 Misc 3d 137(A)]

Decided on April 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2021-239 Q C

Medtech Medical Supply, Inc., as Assignee
of Abul Azad, Appellant, 
against
Country-Wide Insurance Company, Respondent.

Glinkenhouse Queen, Esqs. (Alan Queen of counsel), for appellant.
Thomas Torto, for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (John C.V.
Katsanos, J.), entered March 26, 2020. The order granted defendant's motion to, in effect, vacate
a judgment of that court entered March 23, 2017 and, upon such vacatur, to dismiss the
complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion to vacate the
judgment and dismiss the complaint is denied.
Plaintiff commenced this action in 2000 to recover first-party no-fault benefits for supplies it
furnished to its assignor as a result of a motor vehicle accident that occurred on June 11, 1998.
Defendant appeared and answered. On June 27, 2001, the State of New York dissolved plaintiff
by proclamation. On or about July 15, 2003, the parties entered into a settlement agreement. It is
uncontroverted that defendant did not pay the amount set forth in the settlement. On March 23,
2017, plaintiff had a judgment entered, ex parte, in the total sum of $4,781.27, including
$2,972.06 in interest. In December of 2018, plaintiff moved to recalculate the interest as
compound instead of simple. Defendant submitted opposition to the motion and the motion was
marked fully submitted on October 21, 2019. It remains pending.
In November of 2019, defendant moved to, in effect, vacate the March 23, 2017 judgment
and, upon such vacatur, to "dismiss[ ] the complaint on the ground that plaintiff lacks standing to
[*2]maintain this action and collect on the judgment . . . since the
Secretary of State dissolved plaintiff and annulled its authority on June 27, 2001, and plaintiff
has failed to wind up its affairs within a reasonable time as a matter of law." In the alternative,
defendant's motion sought to "vacat[e] the judgment . . . upon the ground that plaintiff failed to
comply with CPLR 5003-a." Plaintiff opposed the motion, to which defendant replied.
By order entered March 26, 2020, the Civil Court granted defendant's motion and vacated the
judgment on the ground of (1) fraud (see CPLR 5015 [a] [3]) based on plaintiff's failure
to inform the court clerk that it had been dissolved in 2001 and (2) lack of jurisdiction
(see CPLR 5015 [a] [4]) based on plaintiff's failure to comply with CPLR 5003-a. Upon
such vacatur, the court dismissed the complaint pursuant to CPLR 1017 and 1021 due to the
failure to have a proper party substituted for plaintiff within a reasonable time after plaintiff was
dissolved.
On appeal, plaintiff contends, among other things, that the Civil Court improperly vacated
the judgment.
Under the circumstances presented, we find that plaintiff had the capacity to seek entry of
judgment and maintain this action as part of the winding up of its business affairs pursuant to
Business Corporation Law §§ 1005 and 1006. While CPLR 1017 provides that a court
shall order substitution of the proper party where a corporate party is dissolved, to the extent that
Business Corporation Law §§ 1005 and 1006 can be deemed to be inconsistent with
CPLR 1017 and 1021, the Business Corporation Law provisions govern (see CPLR 101).
Business Corporation Law § 1006 provides, in pertinent part, that "(a) A dissolved
corporation, its directors, officers and shareholders may continue to function for the purpose of
winding up the affairs of the corporation in the same manner as if the dissolution had not taken
place, except as otherwise provided in this chapter or by court order." Business Corporation Law
§ 1005 (a) (2) defines "winding up" as the performance of acts directed toward the
liquidation of the corporation, including the collection and sale of corporate assets (see Matter
of 172 E. 122 St. Tenants Assn. v Schwarz, 73 NY2d 340 [1989]). Since Business
Corporation Law § 1006 does not include any time limit for winding up the dissolved
corporation's affairs, courts will imply a reasonable period of time (see e.g.
Spiegelberg v Gomez, 44 NY2d 920, 921 [1978]).
As the party moving to vacate the judgment and dismiss the complaint on the ground that
plaintiff lacked the capacity to enter judgment and to maintain this action, defendant had the
burden of proving that plaintiff is no longer winding up its affairs (see e.g. Greater Bright Light Home Care
Servs., Inc. v Jeffries-El, 151 AD3d 818 [2017]; Singer v Riskin, 137 AD3d 999, 1000 [2016]; Brooklyn Elec. Supply Co., Inc. v Jasne
& Florio, LLP, 84 AD3d 997 [2011]; Brach v Levine, 36 Misc 3d 1213[A], 2012 NY Slip Op 51312[U]
[Sup Ct, Kings County 2012]). Defendant's initial moving papers, which include the conclusory
statement that plaintiff failed to show that it was "in the process of winding up its affairs," were
insufficient to establish, prima facie, that plaintiff's actions did not relate to the winding up of its
affairs or that the nearly 14-year time period between the July 2003 settlement and when plaintiff
sought to enter judgment in March of 2017 was an unreasonable period of time to wind up its
affairs. Thus, the branch of defendant's motion seeking to vacate the judgment and, upon such
vacatur, to dismiss the [*3]complaint on the ground that plaintiff
was a dissolved corporation which was not winding up its affairs should have been denied (see Lamarche Food Prods. Corp. v 438
Union, LLC, 178 AD3d 910 [2019]; Greater Bright Light Home Care Servs., Inc. v
Jeffries-El, 151 AD3d at 821; Lance
Intl., Inc. v First Nat'l City Bank, 86 AD3d 479 [2011]; Moran Enters., Inc. v Hurst, 66 AD3d
972 [2009]).
While defendant contends that the judgment against it was improperly entered because
plaintiff had not provided defendant with a duly executed release and stipulation of
discontinuance (see CPLR 5003-a [a]), defendant failed to submit an affidavit from
someone with knowledge establishing that failure. We note that the Civil Court's basis for
vacating the judgment pursuant to CPLR 5015 (a) (4) was improper. The court had jurisdiction to
enter the judgment herein (see
Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200 [2013]).
Accordingly, the order is reversed, defendant's motion is denied and the matter is remitted to
the Civil Court to determine plaintiff's pending motion.
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 1, 2022