Charles Deng Acupuncture, P.C. v Titan Ins. Co. (2022 NY Slip Op
50300(U))

[*1]

Charles Deng Acupuncture, P.C. v Titan Ins. Co.

2022 NY Slip Op 50300(U) [74 Misc 3d 137(A)]

Decided on April 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREE A. BUGGS,
JJ

2020-257 K C

Charles Deng Acupuncture, P.C., as
Assignee of James, Kesha, Appellant,
against
Titan Insurance Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
McCormack & Mattei, P.C. (Andre S. Haynes of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Richard
J. Montelione, J.; op 53 Misc 3d 216 [2016]), entered June 30, 2016. The judgment, after a
nonjury trial, dismissed the complaint.

ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the
Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $2,226.41,
following a calculation of statutory no-fault interest and an assessment of attorney's fees.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from a judgment which dismissed the complaint after a nonjury trial that was limited, pursuant to
a stipulation, to the sole issue of whether plaintiff had appeared for examinations under oath
(EUOs).
Transcripts recording defendant's attorney's statements that, as of a certain time, the provider,
plaintiff herein, had not appeared for EUOs scheduled to be held at that place and
time—"bust" statements—were admitted into evidence, over plaintiff's objection, as
business records (see CPLR 4518 [a]) to prove the nonappearances. Following the trial,
the Civil Court determined that defendant proved by a preponderance of the evidence that
plaintiff failed to appear at least two times for a scheduled EUO, and entered a judgment
dismissing the action (Charles Deng Acupuncture, P.C. v Titan Ins. Co., 53 Misc 3d 216
[2016]). Plaintiff appeals, arguing that the court erred in admitting the transcripts, and that,
without the transcripts, defendant did not establish that plaintiff had failed to appear at the
EUOs.
Contrary to the determination of the Civil Court, the transcripts of the "bust" statements
should not have been admitted into evidence. They were hearsay—out-of-court statements
being used to prove the truth of the matter asserted—and therefore generally would only
be admissible if a hearsay exception applies. While defendant contended, and the court agreed,
that the transcripts were admissible as business records pursuant to CPLR 4518 (a), we disagree
and hold that these transcripts were not admissible at this trial as business records to prove that
plaintiff had not appeared for examinations under oath. 
Under CPLR 4518 (a), a business record—a "writing or record" that is "made as a
memorandum or record of any act, transaction, occurrence or event"—will be admissible
as proof of the acts, transactions, occurrences or events recorded, if the court finds that the record
"was made in the regular course of any business and that it was the regular course of such
business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable
time thereafter." A transcript is a record of words that were uttered; while those words may
describe an event, transcripts are generally not made as a memorandum or record of the event
described. Here, defendant did not show a sufficient basis to admit counsel's hearsay statements
or that these transcripts should otherwise be treated as admissible pursuant to CPLR 4518 (a).
Indeed, even if the transcripts could be treated as a "memorandum or record" of a nonappearance,
rather than of a statement, there is no basis on this record to find that the record "was made in the
regular course of any business" or "that it was the regular course of such business to make" a
transcript as such a "memorandum or record" of a nonappearance (CPLR 4518 [a]).
We note that, while CPLR 3117 specifically permits deposition transcripts to be admitted
into evidence at trials under certain circumstances, the CPLR is silent when it comes to EUO
transcripts. To use a deposition transcript as evidence in chief at trial, as defendant attempted to
use the EUO transcripts here, one of the requirements of CPLR 3117 (a) (3) must be met. Even if
the transcripts at issue were to be treated as EUO transcripts notwithstanding that no examination
took place, since, here, there was no showing that any of the grounds to permit the use of a
deposition transcript were met, we need not decide whether CPLR 3117 (a) (3) can be extended
to the use of EUO transcripts.
As defendant relied exclusively upon the transcripts of the "bust" statements to prove, at
trial, that plaintiff failed to appear at the EUOs, and those transcripts were not properly admitted
into evidence, defendant did not sustain its burden of proving that plaintiff had failed to appear
for EUOs.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment in favor of plaintiff in the sum of $2,226.41, following a calculation of
statutory no-fault interest and an assessment of attorney's fees. 
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 1, 2022